CLARENCE W. WILLIAMS ET AL., PARTNERS, &c., v. JOHN VOORHEES.

Argued November 8, 1909—Decided September 15, 1910.

A count in a declaration set out that the defendant authorized the plaintiffs, as brokers, to sell a property for two hundred thousand dollars ($200,000), and agreed that in case of a sale upon terms accepted by the defendant, upon the execution of proper papers and the first payment, to pay the plaintiffs twenty-five hundred dollars ($2,500) ; that the plaintiffs procured a purchaser ready and willing to purchase the said property for the sum of two hundred thousand dollars ($200,000), and willing to execute a proper contract and to make a first payment on the consideration;

that the defendant refused to execute the said contract, and refused to accept the first payment.  On demurrer to this count—
*Held,* that it exhibited no right of action against the defendant to recover the $2,500 in the absence of a statement that the defendant either had accepted the terms upon which the purchase price was to be paid, or a statement showing that the defendant had in bad faith refused to accept any terms.

On demurrer to the first nine counts of a declaration.

Before Justices REED, BERGEN and MINTURN.

For the plaintiffs, *Clark McK. Whittemore.*

For the defendant, *Leavitt & Atwater.*

The opinion of the court was delivered by

REED, J.  This action was brought by a broker to recover commissions for the sale of property in Elizabeth, New Jersey.

In the first count the pleader sets out that the defendant made and entered into a certain agreement in writing to and with the said plaintiffs (a true copy of which is thereto annexed and made a part thereof).  This writing thus made a part of the count is as follows:

"ELIZABETH, NEW JERSEY, April 12, 1909.

"*C. W. Williams & Co., 207 Broad street, Elizabeth, N. J.:*

"GENTLEMEN—You are hereby authorized to act for me as brokers in offering for sale or on a forty to sixty years' ground rental, my property on the northwest corner of Broad and West Jersey streets, in Elizabeth, New Jersey, having a frontage on Broad street of about eighty feet and on West Jersey street of about one hundred and forty feet, and in case of sale, or lease as above on terms accepted by me, upon the execution of the proper papers and first payment, I agree to pay you in either case a sum of twenty-five hundred dollars in one payment at said time.

· "The price I wish you to ask for the property, if sold, is

two hundred thousand dollars, subject to my being able to cancel the present leases.

"The price I wish you to ask as annual rental for a ground lease of said property as above is eight thousand dollars, subject to my being able to cancel the present leases.

"Any modification of these prices shall be subject to my approval and acceptance, and only binding upon me, if accepted in writing, prior to my making leases of any part of the premises, in which case this agreement shall be void.

"Yours truly,

"JOHN VOORHEES."

The pleader then sets out his construction of this contract to the effect that the said defendant authorized the said plaintiffs to act for him as brokers in offering for sale, or on a forty to sixty years' ground rental, the said property; and the defendant agreed with the plaintiffs that in consideration that the said plaintiffs should secure a purchaser for the said premises, ready and willing to purchase the same for the price and consideration of $200,000, subject to said defendant's being able to cancel the leases of the said premises then in force, that he, the said defendant, would upon the execution of the proper papers or contracts, for the purpose of effecting such sale, pay to the said plaintiffs at the time of the making of the first payment by such purchaser the sum of $2,500 in one payment.

The pleader then proceeds thus: The said plaintiffs aver that they did and performed all acts and things which in and by said agreement they were required to do and perform, and that they did act for said defendant as brokers in offering for sale, or on a forty to sixty years' ground rental, the said property of the said defendant, and that they did obtain and secure as such brokers, in accordance with the terms of said agreement, a purchaser for the same premises, ready and willing to purchase the same for the price and consideration of $200,000, the said defendant being able to cancel the leases of the said premises then in force, and said purchaser being then ready and willing to execute the proper papers or contracts for the purpose of effecting such purchase by him and sale by said de-

fendant, and to pay to said defendant a first payment on account of said price of said premises; but the said defendant, notwithstanding his promise and undertaking, and his duty under the terms of said agreement to execute such papers or contracts, and to accept said first payment from said purchaser, refused and neglected so to do; and the said sum of $2,500 specified in said agreement thereupon became due and owing from the said defendant to the said plaintiffs; and said defendant has failed to pay the same to the said plaintiffs.

The theory upon which this count of the declaration is drafted is that the plaintiffs did all that they were bound to do, and that the failure to execute the sale resulted from the refusal of the defendant to execute the proper papers and contracts to effect such purchase and to accept the first payment on account of such contracts.

But the duty of the defendant to execute the papers and accept a payment of the contract price did not arise until the defendant had exercised his right under the contract to accept or refuse to accept the terms proposed by the purchaser.

The written contract made by the pleader a part of the count shows that the sum sued for was to be paid in case of a sale on terms accepted by the defendant.

The price which the purchaser was to pay was fixed by the contract; but the manner in which this price was to be paid is not mentioned.

The terms which were to be accepted were evidently the terms upon which the $200,000 was to be paid. That the parties had in mind the probability that the whole price would not be paid at once in cash, is apparent from the condition that the commission sued for should be paid upon the first payment of the purchase price.

The conditions to be accepted were evidently those which fixed the manner in which the consideration should be paid. The terms mentioned were referable to the number of installments by which the payments should be made, the amount of the several installments, the interval of time between the payments, and whether future payments should be secured, and if so, how secured.

The statement in the count that the plaintiffs procured a purchaser ready and willing to pay the consideration fixed, and to execute the proper contracts for effecting the purchase and to pay a first payment, was insufficient to create a liability under the contract.

Nor did the statement that the defendant refused to execute the said papers and contracts and accept a first payment create a right of action, in the absence of a statement that defendant had accepted the terms upon which the purchaser was ready and willing to buy, or in the absence of a statement that the defendant had fraudulently refused to accept any terms respecting the payment of the consideration.

It not appearing that the defendant did accept the terms of purchase proposed, and no conduct appearing which would raise a liability to pay commission without such acceptance, the first count is bad.

The same defect pervades the first four counts of the declaration—the first and second counts claiming the procuring of a purchaser for the property, and the third and fourth counts claiming the procuring of a lessee for the property under the contract. In neither of these counts is it stated that the defendant accepted the terms upon which the purchase price was to be paid, nor the terms upon which the rental was to be paid; nor is there any statement of a fraudulent refusal on the part of the defendant to accept any terms.

The last five counts differ from the preceding counts in this respect. The fifth count is typical of these last five, for in it, after setting out the contract in language similar to that contained in the first count, the pleader proceeds to state that the plaintiffs did secure a purchaser, ready and willing to purchase the property on terms accepted by the defendant. The pleader then proceeds to declare, as in the other counts, that the defendant refused to execute the contract for the purchase or lease, and accept the first payment.

In these last counts it is perceived that the pleader sets out the contract, and the obtaining of a person ready and willing to purchase or lease for the sum mentioned, upon terms accepted by the defendant.

The counsel for the defendant contends that the count should have further set out the execution of the proper papers for the sale or lease and the making of the first payment by the purchaser or lessee.

This contention, however, we think unsubstantial. If, as stated, a purchaser or lessee was obtained by the plaintiffs who was able and willing to purchase or lease, upon terms which were actually accepted by the owner, a duty arose at once upon him to execute the proper papers to effectuate the contract for the purchase, or the letting, and to accept the first payment.

The defendant could not defeat the claim of the plaintiffs for commissions by refusing to perform those acts so as to affect the sale or the letting.

We think, therefore, there should be judgment for the defendant on the demurrer to the first four counts, and for the plaintiffs on the demurrer to the last five counts.